APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Robert Zimmerman, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| Norfolk Southern Corporation | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 5-13-2010 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (717) 299-7101 | (717) 299-5115 | len.brown@cmbclaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert Zimmerman

### DEFENDANTS
Norfolk Southern Corporation

(b) County of Residence of First Listed Plaintiff  Lancaster
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Leonard G. Brown, III, Clymer, Musser, Brown & Conrad, P.C.
408 W. Chestnut Street, Lancaster, PA 17603

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | X 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332
Brief description of cause:
Negligence of defendant for failure to warn of approaching train and properly maintain and mark railroad crossing.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of 5,500,000
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 13, 2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Robert Zimmerman, Smoketown, PA

Address of Defendant: Norfolk Southern Corporation, 110 Franklin Road SE, Roanoke, Virginia, 24042

Place of Accident, Incident or Transaction: Diller Avenue, New Holland, Lancaster County, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No X

Does this case involve multidistrict litigation possibilities? Yes☐ No X
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. X Other Personal Injury — Train Personal Injury
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Leonard G. Brown, III, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: May 13, 2010         _____         83207
                            Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 13, 2010         _____         83207
                            Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ZIMMERMAN<br>Smoketown, Pennsylvania,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN<br>CORPORATION<br>Roanoke, Virginia,<br><br>Defendant. | § § § § § § § § § § § § § § | <br><br><br>CIVIL ACTION NO.<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Robert Zimmerman, through his attorneys Leonard G. Brown, III, Clymer, Musser, Brown & Conrad, P.C. and Dennis E. Boyle, Boyle Neblett and Wenger, brings this complaint against Norfolk Southern Corporation ("Norfolk Southern"), its employees and agents alleging the following:

**I.   JURISDICTION**

1. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1332 as the parties are citizens if different states and the amount in controversy exceeds $75,000.

2. Venue is proper under 28 U.S.C. § 1391 in the Eastern District of Pennsylvania because a substantial part of the actions or omissions giving rise to this case occurred within this District.

## II. THE PARTIES

### A. Plaintiff

3. Robert Zimmerman, ("Mr. Zimmerman") is an adult citizen and resident of Pennsylvania currently residing in Smoketown, Lancaster County, Pennsylvania.

### B. Defendant

4. Norfolk Southern is a foreign corporation with its corporate offices in Roanoke, Virginia. Norfolk Southern owns Train 1129 which was being operated by agents of Norfolk Southern on June 12, 2008.

## III. STATEMENT OF RELEVANT FACTS

5. At the time of the accident, Mr. Zimmerman, a single man, lived by himself in an apartment.

6. Mr. Zimmerman was employed by Dutchland Aviation as an airplane mechanic at the Smoketown Airport.

7. On June 12, 2008, Mr. Zimmerman was celebrating his thirty-eighth birthday. In the evening of June 12, 2008, he played in a church league softball game.

8. After the softball game, he stopped by his widowed mother's house to fix the deadbolt on her door.

9. At approximately 9:50 p.m. he left his mother's house in Narvon, PA, and began to travel to his home on Old Philadelphia Pike.

10. At approximately 10:00 p.m., Mr. Zimmerman was travelling south-west on Diller Avenue, New Holland, Lancaster County on his motorcycle.

11. Mr. Zimmerman was wearing a full-face helmet with visor. He was travelling at or below the posted speed of 30 miles per hour.

12. The railroad line of Norfolk Southern crosses Diller Avenue past the intersection of Diller Avenue and Locust Street.

13. At the time of the accident, the crossing was marked only by yellow warning signs placed close to the crossing, and crossbucks placed at the site of the crossing itself.

14. There was no reflective tape on any signs and there was no warning painted on the road advising approaching vehicles that they were nearing a train crossing.

15. At the time of the accident, the only advance, yellow warning sign notifying motorists headed south-west on Diller Avenue was obscured by tree branches, and it was not fully visible until Mr. Zimmerman was within a few feet of it.

16. No flashing lights warn motorists of approaching trains, and no barriers hinder traffic from entering the crossing when a train is approaching.

17. Additionally, a house on the north side of the track, and Shooter's Crossing, a local bar on the north side of the track, obscure any train approaching from the west until one is within less than 40 feet of the crossing.

18. Trains approaching the intersection from the west do not approach it at a 90 degree angle, but from a 45 degree angle.

19. On this particular evening, Train 1129 was traveling eastbound at 24 miles per hour, more than twice the appropriate speed.

20. As Mr. Zimmerman approached the tracks there was no train in the crossing, and no train was visible to anyone approaching the tracks from the north.

21. Upon clearing the buildings that completely obscured the tracks and any view down the tracks, Mr. Zimmerman was committed to passing over the tracks when he saw a train rapidly approaching the crossing from his right. He slammed on his brakes.

22. The complete lack of any warning that a train was approaching the crossing reduced Mr. Zimmerman's ability to react quickly enough to avoid hitting the train.

23. The train's inappropriate rate of speed reduced Mr. Zimmerman's ability to react quickly enough to avoid hitting the train.

24. The train's rate of speed prevented Mr. Zimmerman from safely crossing the ungated tracks.

25. As the train entered the crossing, Mr. Zimmerman flew over the front of his motorcycle.

26. Mr. Zimmerman struck the gas tank of the train with the back of his head.

27. Mr. Zimmerman's motorcycle did not strike the train.

28. Eyewitnesses saw no light on the train and believe that the train was going too fast.

29. Even if the train had been displaying a light, it would not have been visible to Mr. Zimmerman because of the obscured nature of the crossing and angle of the track.

30. At 10:09 p.m., 911 dispatch received a call reporting the accident.

31. Mr. Zimmerman was eventually airlifted to Lancaster General Hospital.

32. In the subsequent days, Mr. Zimmerman was diagnosed with fractures of the vertebrae T4-T7, C1, and C4-C7.

33. Upon his release from Lancaster General Hospital on June 24, 2008, Mr. Zimmerman was diagnosed with incomplete quadriplegia and admitted into Magee Rehab Hospital in Philadelphia, Pennsylvania.

34. Upon his discharge from Magee Rehab Hospital on October 11, 2008, Mr. Zimmerman was diagnosed as suffering from incomplete tetraplegia.

35. Mr. Zimmerman continued, and continues, to undergo physical and occupational therapy to attempt to regain as normal a life as possible.

36. Mr. Zimmerman's past medical bills to date are in excess of $700,000. Mr. Zimmerman's future medical bills and cost of care will be in excess of $3,394,000.

37. Because of the accident, Mr. Zimmerman has not been able to return to work as an airframe mechanic and is receiving social security income as being totally disabled. Over his lifetime Mr. Zimmerman will lose more than $1.5 million in wages and benefits.

## V. CAUSES OF ACTION

<u>Count I</u>
**Negligence for Failure to Warn of Approaching Train**
*Zimmerman v. Norfolk Southern*

38. Plaintiff realleges and incorporates the above paragraphs by reference.

39. Defendant Norfolk Southern had a duty to warn motorists driving southbound on Diller Avenue of trains approaching from the west, because of the practical invisibility of any train coming from this direction due to the buildings and foliage obscuring the approach to the crossing.

40. Defendant Norfolk Southern had a duty to warn Mr. Zimmerman of the approaching train.

41. Defendant Norfolk Southern breached that duty by:

    a. Running the train without lights;

    b. Failing to adequately sound the horn to warn of the approaching train; and,

    c. Running the train at an excessive speed.

42. Norfolk Southern's breach of its duty to warn approaching motorists caused damage to Mr. Zimmerman by making him unable to avoid a collision with the train.

43. Because of the breach of duty Mr. Zimmerman has suffered substantial damages as outlined above.

WHEREFORE, plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## Count II
## Negligent Failure to Maintain a Safe Grade Crossing
*Zimmerman v. Norfolk Southern*

44. Plaintiff realleges and incorporates the above paragraphs by reference.

45. Railroads are required to meet all state duties of care with respect to grade crossings and safety in general.

46. Defendant had a duty to make sure the railroad crossing at Diller Avenue was safe.

47. Defendant breached this duty by, among other things, failing to provide flashing lights or crossing gates at the crossing.

48. Because of this breach of duty, Mr. Zimmerman was unaware of a train approaching the crossing and suffered significant damages.

WHEREFORE, plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## Count III
## Negligence *Per Se*
## Failure to Properly Mark and Secure the Crossing
*Zimmerman v. Norfolk Southern*

49. Plaintiff realleges and incorporates the above paragraphs by reference.

50. Norfolk Southern has failed to comply with the standards of care in the Code of Federal Regulation and is negligent per se.

51. Chapter 23 of the Code of Federal Regulations § 646.214, regarding the design of railroad crossings, requires adequate warning devices, which include automatic gates with flashing light signals, when

> . . .
> (E) Either a high volume of vehicular traffic, high number of train movements, substantial numbers of school buses or

Page 7

>   trucks carrying hazardous materials, unusually restricted sight distance, continuing accident occurrences, or any combination of these conditions.
>   . . .

52. The crossing at Diller Avenue has an "unusually restricted sight distance," because of the buildings lining the track all along the northwest side of the street.

53. The warning signs leading up to the tracks were obstructed by foliage that defendant failed to maintain.

WHEREFORE, plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

### Count IV
### Punitive Damages
*Zimmerman v. Norfolk Southern*

54. Plaintiff realleges and incorporates the above paragraphs by reference.

55. Norfolk Southern falsely reported to the Federal Railway Administration that the track was not obstructed.

56. Norfolk Southern was traveling at twice the speed allowed by its timetables.

57. Norfolk Southern failed to maintain any warnings to motorists that the crossing was an active train crossing.

58. Norfolk Southern's actions were recklessly indifferent to Mr. Zimmerman safety.

59. Norfolk Southern appreciated the risk of harm to which Mr. Zimmerman was exposed, and Norfolk Southern failed to give adequate warning of a train, in conscious disregard of that risk.

WHEREFORE, plaintiff respectfully prays that the Court grant the relief set forth hereinafter in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that:

a. He be given trial by jury on all appropriate matters;

b. This honorable court award nominal and compensatory damages against defendant in excess of $5,500,000;

c. This honorable court award punitive damages for defendant's reckless conduct;

d. This court award the costs of this litigation to plaintiff; and,

e. This court grant such other relief as it deems appropriate.

Respectfully submitted,

**CLYMER, MUSSER, BROWN & CONRAD, P.C.**

By: _____ LGB6402
Leonard G. Brown, III
len.brown@cmbclaw.com
Pa. ID No. 83207
*Clymer, Musser, Brown & Conrad, P.C.*
408 W. Chestnut St.
Lancaster, PA 17603
(717) 299-7101 phone
(717) 299-5115 fax

**BOYLE, NEBLET & WENGER**
Dennis E. Boyle
deboyle@dennisboylelaw.com
4660 Trindle Road
Camp Hill, PA 17011

Dated: 5-13-2010                    ATTORNEYS FOR PLAINTIFF